# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

MARGARITA MARTINEZ RODRIGUEZ,

          Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

          Defendant.

Case No: 2:16–cv–01942–APG–VCF

**REPORT & RECOMMENDATION**

      This matter involves Plaintiff Margarita Martinez Rodriguez's appeal from Defendant Nancy A. Berryhill's final decision denying Rodriguez social-security benefits. (ECF No. 1-1).

## I. BACKGROUND

      This case arises under Title II and Title XVI of the Social Security Act. On December 21, 2012, Margarita Martinez Rodriguez filed her application for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act, 42 U.S.C. §§ 416, 423. (*See* Admin. Rec. at 215-219 and 220-228). Rodriguez's applications were denied upon initial determination. *Id*. at 129. On October 11, 2013, Rodriguez requested a de novo hearing before an Administrative Law Judge ("ALJ"). *Id*. at 146-147. On January 22, 2015 the ALJ issued an unfavorable decision against Rodriguez denying her benefits. *Id*. at 58. Rodriguez requested the Appeals Council review the ALJ's decision and the Appeals Council denied the request for review on June 13, 2016. *Id*. at 1. On that date the decision became final. On August 15, 2016, Rodriguez filed a Complaint with the District Court of Nevada seeking judicial review of the ALJ's January 25th, 2015 decision. (ECF No. 1-1). Rodriguez filed a Motion to Remand (ECF No. 22). In response, Berryhill filed an opposition and Cross Motion to Affirm (ECF No. 25) and Rodriguez replied (ECF No. 27).

## II. STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. amend. V. Social security applicants and recipients have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a person benefits, the District Court must review the Commissioner's decision to determine whether it accords with the Due Process Clause. *Eldridge*, 424 U.S. at 340; 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

## DISABILITY EVALUATION PROCESS

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected...to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. 20 C.F.R. § 416.914. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful activity that exists in the national economy. *Reddick v. Chater*, 157 F.3d 721 (9th Cir. 1998).

The ALJ follows a five-step sequential evaluation process to determine whether an individual is disabled. *See* 20 C.F.R. § 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of nondisability, then a decision is rendered against the

claimant and no further evaluation is required. *See* 20 C.F.R. § 416.920(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, (2003).

The five-step process is as follows. First, the claimant must prove that he is not currently engaged in substantial gainful activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must prove that his medically determinable impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities." *See* 20 C.F.R §§ 404.1520(c), 416.920(c). Third, the claimant must prove that his impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1, and meet the duration requirement. 20 C.F.R. §§ 404.1509, 404.1520(d), 404.1525, 404.1526, 416.909, 416.920(d), 416.925, and 416.926.

In the fourth step, the claimant must prove that he is incapable of meeting the physical and mental demands of his past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). However, before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).[1] In making this finding, the ALJ must consider all the relevant evidence such as all the symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529, 416.929; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration for the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527, 416.927 and SSRs 96-2p, 96-5p, and 06-3p.

---

[1] The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* SSR 96-8p.

3

If the claimant satisfies his burden under the previous four steps, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work that exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g); *Yuckert*, 482 U.S. at 141-42. The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and past work experience. *Yuckert,* 482 U.S. at 141-42. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Id.* If the Commissioner proves that suitable work exists, the claimant is given the chance to prove that he cannot, in fact, perform that work.

The District Court's review is limited. The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

**III. DISCUSSION**

Here, step two and three are at issue. Rodriguez appeals the Commissioner's decision on several grounds. First, Rodriguez argues that there is no substantial evidence to support the Commissioner's finding that plaintiff is not disabled and is able to perform substantial gainful activity. (ECF No. 1-1 at 3). Second, Rodriguez argues she is disabled and has been continuously disabled as defined in the Social Security Act. *Id*. Third, Rodriguez argues new and material evidence for which good cause exists for failure to submit earlier exists and warrants a remand of this matter. *Id*. Rodriguez argues these reasons because she alleges (1) the ALJ failed to articulate clear and convincing reasons for rejecting her testimony; (2) the ALJ ignored the opinion of the treating physician; (3) the ALJ failed to articulate specific and legitimate reasons for rejecting the examining psychologist's opinion; and (4) the ALJ failed to articulate specific and legitimate reasons for rejecting the treating physician's opinion. (ECF No. 22 at 8, 13, 15, 17).

*I. Whether the ALJ articulated clear and convincing reasons for rejecting Rodriguez's testimony?*

If the Commissioner decides to discount the claimant's testimony regarding his or her subjective symptoms, the Commissioner must engage in a two-step analysis before finding the claimant's testimony lacks credibility. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted).

Second, if the claimant meets this first test, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *see also Robbins*

*v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."). An ALJ may consider a claimant's reputation for truthfulness and inconsistencies in the claimant's testimony when determining credibility. *Burch*, 400 F.3d at 680. However, this court cannot affirm an agency's decision on a ground an agency did not invoke in making its decision originally. *See Pinto v. Massanari*, 249 F.3d 840, 847–48 (9th Cir. 2001).

The ALJ correctly applied the two-step procedure that is required to discount a claimant's testimony. (*See* Admin. Rec. at 52). First, the ALJ identified an underlying medically determinable impairment: Rodriguez's diabetes mellitus; coronary artery disease; Moya Moya disease; and obesity. *Id.* Second, the ALJ evaluated the intensity, persistence, and limiting effects of Rodriguez's symptoms. *Id.* at 55-58. The ALJ identified several reasons for rejecting Rodriguez's testimony. These reasons included Rodriguez's complaints of numbness and weakness not consistently documented by longitudinal treatment evidence and Rodriguez's complaints of dizziness or weakness diminished. (*See* Admin. Rec. at 55-58). Other reasons were Rodriguez's inconsistent responses to Dr. Quintero and little treatment sought for Rodriguez's depression except for medication that has been effective. (ECF No. 25 at 4).

Rodriguez argues that the ALJ erred in concluding that she is not disabled because the ALJ "failed to articulate clear and convincing reasons" in rejecting her testimony. (ECF No. 22 at 8). Rodriguez also argues that the ALJ erred because "objective evidence cannot be the sole basis for rejecting a claimant's credibility" and the Commissioner incorrectly used post-hoc rationale. The Court agrees. In the defendant's cross motion to affirm, the Commissioner states that Rodriguez gave "vague responses with decreased touch and pain perception in the left arm and left leg." (ECF No. 25 at 4). The Commissioner also states that based on sensation testing "obviously she was able to feel the touch since she responded

in that way." *Id*. The ALJ fails to mention any of these findings used to assess Rodriguez's credibility in the original ALJ decision. (*See* Admin. Rec. at 56).

Additionally, Rodriguez's claims that her numbness symptoms returned are supported by a finding of polyneuropathy. (*See* Admin. Rec. at 556). The ALJ did not consider that evidence to support Rodriguez's credibility rather the ALJ states "the only extended reported period of weakness and numbness occurs in treatment records just a week prior to the hearing." *Id*. at 56.

### II. Whether the ALJ ignored the opinion of the treating physician?

In a disability determination a treating physician's opinion weighs more heavily than a non-treating physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *as amended* (Apr. 9, 1996). If the treating physician's opinion is uncontradicted it can only be rejected for "clear and convincing reasons." *Id*. If the treating physician's opinion is contradicted it can only be rejected by providing "specific and legitimate reasons supported by substantial evidence in the record for doing so." *Id*. An ALJ can show specific and legitimate reasons by writing a "detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). An ALJ must explain his or her interpretations and offer more than just conclusions. *Id*. The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.
*Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

The Commissioner argues that Dr. Burgos opinion lacked specificity and did not provide the standards by which he felt Rodriguez was unable to perform any work. (ECF No. 25 at 5). The Commissioner also argues Dr. Burgos' opinion is not a medical opinion but instead an opinion reserved to the Commissioner because it is a finding dispositive of a case. *Id*. at 5-6. Rodriguez argues that even

when it comes to an opinion on the ultimate conclusion of disability, the ALJ must articulate specific and legitimate reasons for rejecting such opinions. (ECF No. 27 at 6). The Court agrees.

Although the Commissioner argues Dr. Burgos's findings were conclusory, the ALJ in his decision did not mention Dr. Burgos' opinion or provide specific and legitimate reasons for rejecting Dr. Burgos' opinion. The ALJ fails to provide a detailed and thorough summary of facts and conflicting evidence for which the ALJ rejected Dr. Burgos' opinion. The Commissioner argues the ALJ considered Dr. Burgos' treatment records generally. (ECF No. 25 at 6). The ALJ in his decision states he considered all symptoms and evidence but nowhere in the decision does the ALJ discuss Dr. Burgos' opinion or findings specifically. The ALJ erred by not stating specific and legitimate reasons for rejecting Dr. Burgos' opinion.

### *III. Whether the ALJ failed to articulate specific and legitimate reasons for rejecting the examining psychologist's opinion?*

An ALJ must provide specific and legitimate reasons based on substantial evidence in the record for rejecting an examining physician's opinion that is contradicted by another doctor. *Lester*, 81 F.3d at 830–31. The ALJ is responsible for resolving ambiguities in the record. *Andrews*, 53 F.3d at 1039. An impairment or combination of impairments is non-severe if "it does not significantly limit a claimant's physical or mental ability to do basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001).

Rodriguez argues the ALJ rejected the examining psychologist, Dr. Fontenot's, opinion and that the ALJ failed to provide specific and legitimate reasons for doing so. (ECF No. 22 at 16). The Commissioner argues the ALJ did not reject Dr. Fonenot's but instead found the opinion to be "ambivalent." (ECF No. 25 at 6). The Court agrees. Here, the ALJ did not reject the examining psychologist's opinion. Rather the ALJ did consider Dr. Fontenot's opinion in his decision noting the

doctor put Rodriguez "through a battery of tests" and Rodriguez "did well on those tests and scored within the average range for adults." (*See* Admin. Rec. at 53). Dr. Fontenot, however, ultimately concluded that Rodriguez's ability to withstand the mental stress and pressures of day-to-day work activity "appears below average." *Id*. at 53, 382. Although the ALJ in his decision states Dr. Fontenot's opinion was ambivalent because Rodriguez's strong work history belied it, the ALJ lists other reasons why he believed the conclusion concerning work stress was ambivalent. . *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ( "as a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion").

The ALJ explains, "the claimant's ability to sustain concentration, persistence and pace was average without noticeable deficit." (*See* Admin. Rec. at 53). The ALJ also states there was "no baseline data on her cognitive skills" and therefore "no definitive conclusion as to whether or not the claimant's intellectual ability has eroded." *Id*. Given the ALJ's opinion that Dr. Fontenot's opinion was ambivalent, the ALJ sought the assistance of the state agency consultant, Dr. Gottlieb, to assess Rodriguez's mental health impairments. *Id*. Dr. Gottlieb reviewed medical evidence including Dr. Fontenot's findings and concluded Rodriguez's impairments were non-severe. (*See* Admin. Rec. at 107).

The ALJ then determined Rodriguez's mental health problems were non-severe based on Dr. Gottlieb's findings "activities of daily living and concentration and persistence are not more than mildly impaired." *Id*. at 107. Dr. Gottlieb's findings were consistent with Dr. Fontenot's findings that Rodrigeuz's "daily routines appear fairly normal" and "limitations or restrictions due to psychiatric conditions seem mild." *Id*. at 378-379. Here, the ALJ did not reject the examining psychologist's opinion. The ALJ did not err.

> ***IV. Whether the ALJ failed to articulate specific and legitimate reasons for rejecting the treating physician's opinion?***

An ALJ may reject a treating physician's opinion that is contradicted by providing specific and legitimate reasons based on substantial evidence in the record. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). A treating physician's medical opinion about the severity of a claimant's impairment must be given controlling weight if the opinion is "well supported and not inconsistent with other substantial evidence in the case record." *Edlund*, 253 F.3d at 1157. A non-treating source itself may be substantial evidence where the opinion of the non-treating source is based on independent clinical findings different from those of the treating physician. *Andrews*, 53 F.3d at 1041.

Rodriguez argues that the ALJ rejected treating physician Dr. Estanislao's opinion and failed to articulate specific and legitimate reasons for doing so. (ECF No. 22 at 17). The Commissioner argues that the ALJ did not reject Dr. Estanislao's opinion but rather afforded the opinion "little weight." (ECF No. 25 at 8). The Court agrees. The ALJ considered Dr. Estanislao's opinion in his decision. In his decision, the ALJ explains that Dr. Estanislao's opinion claimed Rodriguez remained capable of only "a severely reduced range of sedentary work and that she could not, at any time, crouch or stoop." (*See* Admin. Rec. at 56, 480). The ALJ, however, found that Dr, Reed's opinion contradicted Dr. Estanislao's opinion as Dr. Reed found Rodriguez "had no problem bending at waist to take off shoes," "had no difficulty tying shoe laces" and "was able to do 5 sequential hair chair squats." (*See* Admin. Rec. at 56, 492-493).

The ALJ also relied on Dr. Estanislao's own findings to afford little weight to her opinion as her treatment records show Rodriguez was doing well. *Id*. at 56. Given Dr. Reed's findings, Dr. Estanislao's opinion is not well supported and inconsistent with other substantial evidence in the record and thus not entitled to controlling weight. The ALJ did not err in affording little weight to Dr. Estanislao's opinion.

**Instructions on Remand**

The District Court's judicial review of the Commissioner's decision to deny benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. Having reviewed the Administrative Record and Ninth Circuit law, the Court finds that this matter should be remanded for further administrative proceedings. The ALJ erred by failing to articulate clear and convincing reasons for rejecting Rodriguez's testimony. The ALJ must provide reasons other than a lack of medical evidence when rejecting a claimant's testimony and finding the claimant not credible. The ALJ also erred by rejecting treating physician Dr. Burgos' opinion without providing specific and legitimate reasons for doing so. Because it cannot be said that the ALJ's errors were inconsequential to the ultimate nondisability determination, they may not be deemed harmless. *See Molina*, 674 F.3d at 1115. Accordingly, the ALJ's decision is VACATED and the case is REMANDED to the ALJ for further proceedings.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Margarita Rodriguez's Motion to Remand (ECF No. 22) be GRANTED.

IT IS FURTHER RECOMMENDED that Berryhills's Cross Motion to Affirm (ECF No. 24) be DENIED.

IT IS SO RECOMMENDED.

DATED this 30th day of August, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE